141 So.2d 895 (1962)
Blanche M. KERLIN, Plaintiff-Appellee,
v.
METROPOLITAN LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 9722.
Court of Appeal of Louisiana, Second Circuit.
May 22, 1962.
Rehearing Denied June 14, 1962.
Mayer & Smith, Shreveport, for appellant.
Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
HARDY, Judge.
This is an action by plaintiff, the surviving widow of Edwin A. Kerlin, deceased, for the recovery of the proceeds of a policy of life insurance in which she was named as beneficiary. From judgment in favor of plaintiff, defendant-insurer has appealed.
The case was tried under a stipulation of facts, the pertinent portions of which are that decedent was a civilian employee of the United States Air Force at Barksdale Air Force Base, Louisiana, from the early part of the year 1942 until the termination of his employment by discharge on October 15, 1957; that decedent was an insured employee under a group life insurance policy issued by Metropolitan Life Insurance Company to the United States Civil Service Commission, and in evidence of such *896 coverage held a certificate of insurance issued to him by the Office of Federal Employees Group Life Insurance; that the policy of insurance and the certificate issued decedent were in accord with the Federal Employees Group Life Insurance Act of 1954 as amended (5 U.S.C.A. § 2091 et seq.); that pursuant to the above statute the United States Civil Service Commission adopted certain regulations pertaining to the intent and purpose of this Act; that decedent was notified of his pending separation from his employment on September 11, 1957, which separation was to become effective October 15th; that on the date of October 15, 1957, the date of decedent's discharge, he received a notice of the conversion privilege with respect to his life insurance; that, in accordance with the standard payroll procedure at Barksdale Air Force Base, civilian employees were paid on the 6th and 20th of each month, and from these semi-monthly salary payments deductions were made covering the insurance premiums of twenty-five cents per thousand of group life insurance; that decedent was paid his semi-monthly salary on October 6, 1957, from which there was withheld the sum of $1.25 as an advance premium on his group life insurance, no portion of which deduction was returned or tendered to decedent; that decedent received his terminal salary pay, together with allowances for accrued leave, on the date of his discharge, October 15, 1957; that decedent's death occurred on November 18, 1957.
The sole issue presented in this case relates to the calculation of the 31 day grace period provided by the policy of insurance within which an insured was afforded the opportunity of converting his insurance and during which period his coverage remained in effect. It is urged on behalf of plaintiff that the grace period should be calculated from the date to which decedent's insurance had been paid by the deduction made on October 6th; in other words, that the period began to run on October 19th, to which date his premium was fully paid. On the other hand, defendant contends that, under the statutory provisions, the Civil Service Regulations and the policy contract itself, the thirty-one day grace period began to run on October 15th, which was the date of decedent's separation from his employment.
If plaintiff's contention is accepted, it is evident that the decedent's death on November 18th was within the thirty-one day grace period, whereas if defendant's argument is valid, the thirty-one day grace period expired prior to the date of decedent's death.
The Act of Congress as set forth in U.S. C.A. 5, § 2091 et seq., contains the following specific provision:
"§ 2095. Termination of insurance Policy provisions; temporary extension of coverage; conversion.
"(a) Each policy purchased under this chapter shall contain a provision, in terms approved by the Commission, to the effect that any insurance thereunder on any employee shall cease upon his separation from the service or twelve months after discontinuance of his salary payments, whichever first occurs, subject to a provision which shall be contained in the policy for temporary extension of coverage and for conversion to an individual policy of life insurance under conditions approved by the Commission." (Emphasis supplied.)
The policy issued to, approved and accepted by the United States Civil Service Commission as the policyholder, contains the following unambiguous provision:
"Section 3. CESSATION OF INSURANCE.The insurance on any Employee insured hereunder shall automatically cease, except as specified in the next following paragraph, on the earliest of the following dates:
"(1) The date of his separation from the service. * * *" (Emphasis supplied.)
*897 The certificate of coverage issued to decedent contains the specific provisions:
"DISCONTINUANCE OF INSURANCE
"Your entire insurance coverage stops, except as noted in `Life Insurance after Retirement,' on the earliest of the following dates:
"(1) The date you are separated from the service. * * *" (Emphasis supplied.)
"CONVERTING TO AN INDIVIDUAL POLICY
"If your insurance coverage stops under (1) * * * of `Discontinuance of Insurance,' you may apply for an individual life insurance policy. While you need not take a physical examination, the following conditions must be met: * * *
"You must make written application and pay the first premium within the 31 days after your insurance stops." * * * (Emphasis supplied)
"CONTINUED PROTECTION FOR 31 DAYS.If you should die during the 31 days after the date of insurance coverage stops, a death benefit will be payable under the group policy, * * *." (Emphasis supplied)
The notice of conversion policy privilege which was also received by decedent on October 15th contained the following statement:
"An employee is entitled to convert to an individual policy when his group insurance terminates because of separation from an agency, * * *."
The notice also advised that the time for conversion was limited, and the intention to convert must be completed and mailed to the Federal Employees Group Life Insurance within 31 days after termination of the existing protection.
The facts cited above, the plain provisions of the Act of Congress, the definite and unambiguous conditions of the policy contract approved by the United States Civil Service Commission, the clear instructions contained in the certificate of coverage issued to the decedent, and the notice of the conversion privilege given to decedent at the time of his discharge, so overwhelmingly and convincingly establish the date of termination of the insurance protection as being the date of decedent's discharge that we cannot conceive of any basis, in law or equity, which would justify a conclusion that decedent's death occurred within the 31 day grace period following the termination of his coverage. It necessarily follows that on the date of death the insurance protection no longer existed and defendant-insurer, by the immutable expiration of the time limit provided, was relieved of all liability for the payment of benefits under the policy.
The single slender thread upon which plaintiff's claim is based, namely, the advance payment of premiums, in our opinion, is so completely untenable that it barely provides ground for even a limited discussion. However, it may be observed that the method of payment of premiums resulted from the accounting procedure and arbitrarily fixed semi-monthly salary payment dates of decedent's employer. Neither by word nor implication does it appear that the termination of insurance protection was predicated upon the premium payment itself. To the contrary, every provision and condition of the law, the contract and the plainly expressed intent and purpose of the parties involved, explicitly, certainly, definitely and irrefutably established the date of discharge as effecting the termination of the insurer's obligation under the policy, subject to the conversion privilege within 31 days thereafter.
We think the foregoing conclusion also serves to dispose of plaintiff's plea of estoppel since it destroys any and every basis upon which such a plea could be predicated. Additionally, it may be pertinent to state that not a single one of the *898 requisite elements of such a plea is established by the record before us.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
IT IS NOW ORDERED, ADJUDGED AND DECREED that there be judgment in favor of defendant, Metropolitan Life Insurance Company, rejecting plaintiff's demands at her cost.